COMMONWEALTH *vs.* STANLEY J. BARON.

Bristol.   October 9, 1969. — October 30, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Perjury. Pleading, Criminal,* Indictment, Bill of particulars. *Practice, Criminal,* New trial.

There was no abuse of discretion in the denial of a motion for further particulars to an indictment for perjury in the statutory form setting forth the time, place and circumstances of the alleged perjury by the defendant, who had examined his grand jury testimony and had been furnished with the name and address of a material witness. [364–365]

There was no error in a refusal to dismiss an indictment for perjury in the statutory form alleging that the perjury was committed by the defendant in the course of a "judicial proceeding and proceeding in the course of justice" before a special grand jury on a matter "material" to its "investigation." [365]

False testimony before a special grand jury by the proprietor of a bar asserting his absence from the premises at a relevant time would be material to an investigation by the grand jury of possible gaming violations there and would warrant conviction of the defendant upon an indictment for perjury. [365–366]

The mere fact that an assistant attorney general presenting evidence to a special grand jury and the foreman of that jury "socialized" by dining together did not require the granting of a motion for a new trial by a defendant convicted on an indictment returned by that jury. [366]

INDICTMENT found and returned in the Superior Court on June 27, 1968.

Motions were heard by, and the case was tried before, *Hennessey,* J.

The case was submitted on briefs.

*James P. McGuire & Donald Zeman* for the defendant.

*Ruth I. Abrams & Russell M. Coombs,* Assistant Attorneys General, for the Commonwealth.

SPIEGEL, J.   This is an appeal under the provisions of G. L. c. 278, §§ 33A–33G, from a conviction of perjury committed before a special grand jury convened in Bristol

County. This case is here on a summary of the record, a transcript of the evidence, and twelve assignments of error.

The relevant evidence consisted of testimony of one Jarrett, a State police officer, one Finan, a sergeant in the State police, one Dzioba, a bartender at Scotty's Grille, one Gracia, a mechanic and collector of coins from pinball machines, and the defendant Baron. Officers Jarrett and Finan testified that on Friday, December 1, 1967, at approximately 3 P.M. they arrived at Scotty's Grille in New Bedford, dressed in civilian attire. Their presence at the grille was in pursuance of an investigation of gambling activities in the city of New Bedford. About 3:10 P.M. they observed one John Moura enter the grille, empty the pinball machine and proceed to the grille's back room. The defendant, the proprietor of Scotty's Grille, arrived shortly thereafter; he paused at the bar and proceeded directly to the back room. Sergeant Finan stated that Moura handed the defendant a piece of white paper, whereupon both men left the back room and engaged Dzioba in conversation. Officer Jarrett previously testified that Moura, in the presence of the defendant, handed Dzioba what appeared to be rolls of coins and a piece of white paper that Dzioba put into the cash register. After further conversation, the defendant left the premises.

Dzioba testified that there was a pinball machine in the grille which was serviced by Moura. Dzioba further stated that he usually gave Moura a cigar box for the change; that the box was hidden under the bar and left for the defendant. On January 31, 1968, Dzioba told the State police that Moura took "some [coins] and . . . [left] some [which] I put . . . in a box and tell the boss."

Gracia testified he was a mechanic and also a collector of coins from pinball machines; that a collector goes into an establishment to split the money collected from the machines; that a collector makes out a slip as an adjustment for the payoffs that have been made for free games; and then he makes out a receipt which is always left for the location owner.

The defendant testified that it had been his invariable custom on Fridays to go home at lunch time, relax for the afternoon prior to tending bar at Scotty's Grille from 6 P.M. to closing on Friday nights. The defendant repeated the testimony he had given before the grand jury stating that (1) a man, known to him only as "John," never gave the defendant a piece of paper other than money when he came to open and take coins from the machine; (2) that during the five month period preceding his testimony, the defendant was never present when the man known as "John" came to empty the pinball machine; (3) that the defendant had never seen the man known as "John" at Scotty's Grille in the afternoon; (4) that the defendant was not present at Scotty's Grille on December 1, 1967, between 2 and 5 P.M.; (5) that the defendant did not go into the rear room at Scotty's Grille on December 1, 1967, between 2 and 5 P.M.

1. The defendant in arguing assignments of error 1 through 5 claims that, because of the trial judge's denial of the defendant's motion for a bill of particulars concerning the indictment, the defendant was "unable to prepare a defense to the charges" made against him.

An indictment conforming with the statutory form is sufficient. G. L. c. 277, §§ 43, 79. The allegations of materiality contained in the indictment conform with prior requirements regarding the sufficiency of perjury indictments. *Commonwealth* v. *Knight,* 12 Mass. 274, 277. *Commonwealth* v. *Pollard,* 12 Met. 225, 228–229. *Commonwealth* v. *McCarty,* 152 Mass. 577, 580. *Commonwealth* v. *Pentz,* 247 Mass. 500, 505. *Commonwealth* v. *Bracy,* 313 Mass. 121, 123. See *Commonwealth* v. *Giles,* 350 Mass. 102, 112.

In addition, it is within the judge's discretion to grant such bill of particulars "as may be necessary to give the defendant . . . reasonable knowledge of the nature and grounds of the crime charged." G. L. c. 277, § 40. *Commonwealth* v. *Hayes,* 311 Mass. 21, 25. *Commonwealth* v. *Kiernan,* 348 Mass. 29, 34. *Commonwealth* v. *Giles, supra,*

at 112. *Commonwealth* v. *McLaughlin,* 352 Mass. 218, 222. *Commonwealth* v. *White,* 353 Mass. 409, 413. The defendant could ascertain from the indictment the time, place and circumstances of the alleged perjury. Moreover, about three weeks prior to trial the defendant was allowed to inspect the testimony he gave before the grand jury. From this testimony the defendant could determine what dealings, if any, he was alleged to have had with "John." Once having examined his grand jury testimony, the defendant knew as much as the prosecution regarding that testimony. Further, in compliance with the order of the judge, the defendant was furnished with "John's" full name and address. The foregoing obviates any claim of surprise. There was no abuse of discretion.

2. Assignment of error 6 relates to the judge's refusal to dismiss the indictment. The defendant contends it was vague and indefinite "as to what constituted the materiality of the alleged false testimony and as such set forth no crime known to law."

As stated earlier, an indictment in statutory form is sufficient. G. L. c. 277, § 79. The indictment alleged that the perjury was committed in the course of a "judicial proceeding and proceeding in the course of justice" on a matter "material" to the special grand jury's "investigation." G. L. c. 268, § 1. Materiality is a question of proof. See *Commonwealth* v. *McCarty, supra,* at 580. Whether an answer was material may be proved if the "testimony directly or circumstantially had a reasonable and natural tendency" to influence a pertinent determination. *Commonwealth* v. *Giles, supra,* at 111. There was no error.

3. In assignments 7 through 10, the defendant contends that the judge erred in denying the defendant's motion for a directed verdict of not guilty.

The sole question raised by the motion for directed verdict is "whether there was sufficient evidence of the defendant's guilt to warrant the submission of the cases to a jury." *Commonwealth* v. *Altenhaus,* 317 Mass. 270, 271. There is no need for the judge to be convinced beyond

reasonable doubt that the allegedly perjured testimony was material to the special grand jury investigation. "Where competent evidence has been introduced in support of all the material allegations of an indictment, the weight and sufficiency of such evidence are ordinarily for the jury, in the first instance." *Commonwealth* v. *Hollis*, 170 Mass. 433, 436. *Commonwealth* v. *Holiday*, 349 Mass. 126, 129.

The questions asked of the defendant during his testimony were obviously material to the grand jury's investigation of the gaming violations observed by the two State police officers and were directed to possible gaming activity at Scotty's Grille. A false answer to these questions either "directly or circumstantially had a reasonable and natural tendency" to influence the decision whether to bring indictments for violations of the gaming laws. *Commonwealth* v. *Giles*, *supra*, at 111. The judge properly submitted the case to the jury.

4. The final assignment argued by the defendant (assignment 11) concerns the judge's refusal to grant his motion for a new trial.[1] The fact that the assistant attorney general presenting evidence to the special grand jury "socialized" with the foreman of that jury does not compel the judge to grant a new trial.

In *Commonwealth* v. *Woodward*, 157 Mass. 516, 519, we said, "It is not however necessary that each grand juror shall be free from bias or prejudice." The only evidence presented was that the prosecutor and the foreman dined together. "Nothing in this record suggests that this grand jury were overawed or moved to act other than as the members deemed right." *Commonwealth* v. *Favulli*, 352 Mass. 95, 107. We cannot say that the judge could not "conscientiously, intelligently and honestly have reached the result he has reached." *Commonwealth* v. *Heffernan*, 350 Mass. 48, 53, cert. den. 384 U. S. 960. *Commonwealth* v. *Stout*, *ante*, 237, 242.

*Judgment affirmed.*

---

[1] Assignment 12 is not referred to in the defendant's brief. Its substance, however, appears to be generally included in several of the other assignments.