## No. 26188

Darol C. Biddle, Special Prosecutor in and for the Fifteenth Judicial District of the State of Colorado v. District Court in and for the Fifteenth Judicial District, and the Honorable Robert Sanderson, District Judge within and for the Fifteenth Judicial District of the State of Colorado and William I. Howard

(516 P.2d 645)

Decided December 3, 1973.     Rehearing denied December 24, 1973.

Petitioner, pro se.

Respondents, pro se.

Alperstein, Plaut and Barnes, P.C., R. G. Busch, for intervenor.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The intervenor is sheriff of Cheyenne County. He was charged in the respondent court with menacing the marshall of Cheyenne Wells with a deadly weapon (a felony) and criminal mischief (a misdemeanor). 1971 Perm. Supp., C.R.S. 1963, 40-3-206 and 40-4-501. At the conclusion of a preliminary hearing the court found that there was no probable cause to believe that the sheriff committed the felony and that there was probable cause as to the misdemeanor. The felony count was dismissed. On application we issued a rule for the respondents to show cause why the felony count should not be reinstated. We now make the rule absolute.

The only witness at the preliminary hearing was the marshall. He testified that the sheriff drove to Cheyenne Wells, parked his vehicle and came over to the marshall's car. The record continues as follows:

"Q  And what happened at that time.
A  He stated to me, he said, 'Sharrock, are you going to patrol this damned town?'
Q  Did you offer any response to that?
A  And I said I was going to do the best I could.
Q  Was anything further said?
A  Yes, he said, 'I run those God-damned hippies out of town once.'
Q  Anything further?
A  'And I am going to run you out of town.'
Q  Who said that?
A  Mr. Howard.
Q  Then what happened?
A  Then he pulled his revolver and whipped it around thusly, took one step over to the side and fired and shot the left rear tire of the police car.
Q  Now, could you describe the way he waved the revolver so

the record can reflect it?

A Sir, he pulled his snub-nosed revolver out of the holster this way and waved it around this way and fired at my rear tire.

Q Let the record reflect that the witness indicated that the revolver was waved in a circular motion.

THE COURT: And about three feet in diameter, like a windmill wheel?

A Maybe not that big but just swinging it around like this.

* * *

"Q Did you have any fear?

A You bet. Any time a man pulls a gun and waves it around me I'm scared. You bet I am.

Q Were you scared on this occasion?

A You bet.

Q And what were you scared of?

A What was I scared of?

Q Yes.

A I was scared of that gun. I don't want to get shot."

None of the testimony of the marshall was in conflict with that above quoted and, as indicated, his testimony constituted all of the evidence in the case.

The principal argument of the sheriff is that the court was not bound to accept the testimony of the witness and that it was at liberty to disbelieve it. This might be a good argument if that were the reason for the finding of the court. As that was not the reason for the finding, we do not pass upon the soundness of the argument.

The felony statute reads as follows:

"A person commits the crime of menacing if, by any threat or physical action, he intentionally places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a class 3 misdemeanor, but if committed by the use of a deadly weapon, it is a class 5 felony." 1971 Perm. Supp., C.R.S. 1963, 40-3-206.

The respondent district judge appearing pro se answered the rule to show cause. This answer sets forth the following matters:

1. That the petition here was not timely filed;

2. That petitioner's failure to join the intervenor is fatal;

3. That an element of "felony menacing" is that the weapon "must be pointed at the victim, or . . . be drawn . . . and a demand made on the victim as evidence of intention of the Defendant, or of the reasonableness of the apprehension of the victim." And that "Neither of those facts were present in this case."

4. That the marshall's fear or apprehension was not of imminent or immediate injury.

The matter of the marshall's credibility is not mentioned in the respondents' answer. We say, therefore, that the principal argument of the sheriff as to veracity is not applicable in this case.

Items 1 and 2 in the respondents' answer, as well as the argument submitted by the sheriff, are without merit. In finding that the elements of the felony were not shown, that the marshall's fear was not of imminent or immediate injury and that there was no probable cause to justify the prosecution of the sheriff, there was an abuse of discretion.

The rule is made absolute and the respondents are ordered to reinstate the felony count.