## No. 26964

**Alexander M. Hunter, District Attorney, Twentieth Judicial District, Boulder, Colorado v. District Court in and for the Twentieth Judicial District, State of Colorado, and Honorable William D. Neighbors, District Judge in and for the Twentieth Judicial District, State of Colorado**

(543 P.2d 1265)

Decided December 15, 1975.

Alexander M. Hunter, District Attorney, Daniel C. Hale, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, G. Paul McCormick, Deputy, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Petitioner, the District Attorney for the County of Boulder, instituted this original proceeding pursuant to C.A.R. 21. We issued a rule to show cause why the criminal information, which was issued at the instance of the petitioner and dismissed by the respondent at a preliminary hearing, should not be reinstated. We now make the rule absolute.

On July 28, 1975, the respondent district judge conducted a preliminary hearing in the criminal case of *People v. Jesus Romero,* pursuant to Crim.P. 7(h). The defendant had been charged with two counts of rape, section 18-3-401, C.R.S. 1973,[1] and one count of second-degree kidnapping. Section 18-3-302, C.R.S. 1973.

At the hearing, the testimony of the complaining witness, Louise Gonzales, was contradicted in several respects by the testimony of Eddie Quitana, a witness for the defense. Most of the discrepancies concerned the sequence of events occurring on the evening in question up to the time of the alleged kidnapping and rape. Mrs. Gonzales testified that she had never had sexual intercourse with the defendant prior to the alleged rape; that she attended a party on the evening in question escorted by the defendant; that the defendant verbally and physically abused her at the party; that Eddie Quintana, a friend, had given her a ride home after the party; that she did not realize that the defendant was following them; that when she left Quintana's car, the defendant abducted her against her will; that he took her in his van to an open field where twice he had nonconsensual sexual intercourse with her after physically abusing her; and that she escaped to call the police.

Quintana, who works at the same plant with the defendant and Mrs. Gonzales, was called as a defense witness. He testified that the defendant and Mrs. Gonzales arrived at the party together; that the defendant had stated publicly at the party that they were out in the country together and that he had "balled" her; that Mrs. Gonzales became upset and said, "You fucker, that was just between us"; that the defendant then attempted to restrain Mrs. Gonzales on the floor, at which time she threatened to call the police; that Mrs. Gonzales sought a ride home with Quintana to which he agreed; that on the way home she noted that the defendant was following them; and that Quintana dropped her off at her home, telling her to get inside quickly in order to avoid trouble with the defendant.

The judge found that the testimony of the complaining witness had been contradicted in "several material respects." Therefore, the judge chose to disregard the testimony of Mrs. Gonzales "in its entirety," because he could not distinguish between fact and fiction in her testimony. He therefore dismissed the information. The district attorney seeks a writ from this court directing the judge to reinstate the information.

There are two issues presented by this proceeding: (1) does a district court judge conducting a preliminary hearing have jurisdiction to consider the credibility of the witnesses in determining the existence or absence of probable cause; and (2) assuming such jurisdiction to exist, did the respon-

---

[1]Now amended by H.B. 1042, 1975 Sess. Law, p. 27.

dent judge abuse his discretion in this case?

 The preliminary hearing in Colorado under Crim.P. 7(h) is not a mini-trial, but rather is limited to the purpose of determining whether there is probable cause to believe that a crime was committed and that the defendant committed it. *Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889; *People v. District Court* 184 Colo. 406, 521 P.2d 778 (1974); *People v. Guinn* 183 Colo. 245, 516 P.2d 420 (1973). It focuses upon a probable cause determination, rather than a consideration of the probability of conviction at the ensuing trial. *See Note, "The Function of the Preliminary Hearing in Federal Pre-trial Procedure,"* 83 Yale L.J. 771 (1974). As a screening device, the preliminary hearing insures that the prosecution can at least sustain the burden of proving probable cause. It protects the accused by avoiding an embarrassing, costly and unnecessary trial and it benefits the interests of judicial economy and efficiency. *People v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974).

 In light of its limited purpose, evidentiary and procedural rules in the preliminary hearing in Colorado are relaxed. Crim.P. 7(h)(3). While the bulk of testimony at a preliminary hearing may be hearsay, *People v. Quinn, supra,* the prosecution may not totally rely on hearsay to establish probable cause where competent evidence is readily available. *People v. Maestas, supra.* The prosecution need not produce all of its evidence against the defendant at the preliminary hearing, but only that quantum necessary to establish probable cause. *People v. Quinn, supra.* Under our Rule 7(h)(3), the burden of proof is on the prosecution, and the defendant need not testify, while he has the right to cross-examine the witnesses called by the People. *See Kuypers v. District Court,* 188 Colo. 332, 534 P.2d 1204 (1975).

The issue of whether a judge in a preliminary hearing may consider the credibility of witnesses in determining probable cause is one of first impression in Colorado.[2] Other jurisdictions which have considered the matter have generally held that the credibility of witnesses at a preliminary hearing is a proper consideration for the judge in determining probable cause. *Wilson v. State,* 59 Wis.2d 269, 208 N.W.2d 134 (1973); *Jones v. Superior Court,* 4 Cal.3d 660, 94 Cal.Rptr. 289, 483 P.2d 1241 (1971); *Wrenn v. Sheriff,* 87 Nev. 85, 482 P.2d 289 (1971); *People v. Paille #2,* 383 Mich. 621, 178 N.W.2d 465 (1970); *People v. Bieber,* 100 N.Y.S.2d 821 (Mag. Ct. 1950). But the facts and the narrow basis of decision relied upon in these cases indicate that the general rule is limited.

In *Wilson, supra,* the Wisconsin Supreme Court held that a magistrate must assess the credibility of witnesses in preliminary hearings in or-

---

[2] While we mentioned the issue in passing in *Biddle v. District Court,* 183 Colo. 281, 516 P.2d 645 (1973), we did not consider the issue on its merits.

der to determine if there is credible evidence to establish probable cause. However, the court restricted the inquiry of credibility to the "plausibility of the story and not general trustworthiness." As the preliminary hearing in Wisconsin is primarily for the purpose of determining probable cause of the arrest, and not for discovery, all that the prosecution needed to establish was a plausible, believable account of the crime committed by the defendant.

In *Wrenn v. Sheriff, supra,* the Supreme Court of Nevada stated that when there is conflicting evidence at the preliminary hearing, the magistrate must determine the weight to be accorded the testimony of the witnesses. But the court qualified its holding:

". . .[I]f an inference of criminal agency can be drawn from the evidence it is proper for the magistrate to draw it, thereby leaving to the jury at the trial the ultimate determination of which of the witnesses are more credible.

. . . .

"The accused's explanation for the homicide, being in the nature of a defense [no specific intent to kill], whether true or false, reasonable or unreasonable, is for the trier of fact to consider at trial; and neither the preliminary examination nor the hearing upon petition for habeas corpus is designed as a substitute for that function."

In *People v. Paille #2, supra,* the Supreme Court of Michigan upheld the trial court's dismissal of an arrest warrant at the preliminary hearing, because the judge found that the testimony of the witnesses for the People was "incredible" and perjurious. Therefore, the judge had a "duty to pass judgment, not only on the weight and competency of the evidence, but also the credibility of the witnesses."

In *People v. Bieber, supra,* a judge of the City Magistrate Court, held that at a preliminary hearing, the judge can resolve conflicts in testimony, but only "where the evidence is overwhelming."

Only in the *Jones* case does a state court hold that a judge in a preliminary hearing is always at liberty "to weigh the evidence, resolve conflicts and give or withhold credence to particular witnesses." That California Supreme Court decision indicates the fundamental difference between the function of a preliminary hearing in California and in the other above-cited jurisdictions, including Colorado.

The preliminary hearing in California is a "mini-trial," emphasizing the probability of conviction at trial on admissible evidence. In such a situation, the *Jones* decision properly allows the judge to act as a trier of fact. In Colorado, however, the preliminary hearing is not a "mini-trial," and the judge in such a role is not a trier of fact. Rather, his function is solely to determine the existence or absence of probable cause.

We hold that a judge in a preliminary hearing has jurisdiction to consider the credibility of witnesses only when, as a matter of law, the tes-

timony is implausible or incredible. When there is a mere conflict in the testimony, a question of fact exists for the jury, and the judge must draw the inference favorable to the prosecution.

The conflicts in testimony in this case are not sufficient to support a finding by the judge that Mrs. Gonzales' testimony was implausible or incredible as a matter of law. We are not unmindful of the deference normally shown to findings of a judge who has the benefit of assessing the demeanor of the witness in person rather than on the basis of a cold record. Nevertheless, we believe that in this case the trial judge abused his discretion in disregarding the testimony of Mrs. Gonzales.

We order the information reinstated by the district judge.

The rule is made absolute.

MR. JUSTICE DAY, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE GROVES dissenting.

I respectfully dissent. While I think the court should have ruled otherwise, I cannot say that it abused its discretion or committed reversible error. To do so makes this tribunal a trial court. Therefore, I cannot concur in the majority opinion.

MR. JUSTICE ERICKSON dissenting.

I respectfully dissent. In my view, the majority opinion is not supported by, and is contrary to, this court's holding in *Maestas v. District Court*, 189 Colo. 443, 541 P.2d 889. The majority ignores the manifest inconsistency of referring to a preliminary hearing as a screening device designed to test the sufficiency of the prosecution's case, and then foreclosing the trial judge from screening out, or dismissing the prosecution's case, when probable cause has not been established. As we said in *Maestas,* " 'the preliminary hearing is of value to the prosecution in that it offers a method for testing the complaints of prosecuting witnesses and eliminating prosecutions actuated by prejudice or motives inconsistent with a fair administration of the criminal law.'"

The Commentary of The American Law Institute's *Model Code of Pre-Arraignment Procedure* offers the following recommendation as a means for determining probable cause at the preliminary hearing:
"The quantum of evidence or the screening standard applicable to the preliminary hearing is usually stated in terms of probable cause but is not further defined. Because the same term is used to state the standard applicable to arrests and because the hearing often serves the function of reviewing the legality of the arrests in addition to screening cases for trial, the two standards are often confused and many courts apply the arrest

standard to the preliminary hearing. Since the Code's view is that the function of the hearing is to screen out charges that should not go to trial, it adopts a standard that requires more evidence than is required for an arrest.

. . . .

"Since the purpose is to screen out cases that should not be tried, Subsection (3) formulates the standard in terms of evidence sufficient to support a verdict of guilty. The judge does not have to be persuaded of the defendant's guilt but should view the case as if it were a trial and he were required to rule on whether there is enough evidence to send the case to the jury. This standard is thus familiar to trial judges and should prove less confusing in its application than the current applicable standards." *Model Code of Pre-Arraignment Procedure,* pp. 596, 597.

Even though the preliminary hearing is not a mini-trial, the trial judge should be allowed to utilize his powers of evaluation and reason in the face of conflicting testimony. *Maestas v. District Court, supra.*

The majority opinion charts a new course which is contrary to the great weight of authority and which virtually eliminates the screening function of the preliminary hearing. How is a judge to determine if a charge is "actuated by prejudice or motives inconsistent with a fair administration of criminal law" unless he assumes the responsibility of evaluating the credibility and claims of the witnesses appearing before him? Indeed, Mr. Justice Groves, speaking for a unanimous court in *Biddle v. District Court,* 183 Colo. 281, 516 P.2d 645 (1973), recognized that the screening function necessarily embraced a determination of the credibility of witnesses. This observation was consonant with the views of a majority of the jurisdictions that hve addressed the same issue. *Wilson v. State,* 59 Wis.2d 269, 208 N.W.2d 134 (1973); *Jones v. Superior Court,* 4 Cal.3d 660, 483 P.2d 1241, 94 Cal.Rptr. 289 (1971); *Wrenn v. Sheriff,* 87 Nev. 85, 482 P.2d 289 (1971); *People v. Paille #2,* 383 Mich. 621, 178 N.W.2d 465 (1970); *People v. Bieber,* 100 N.Y.S.2d 821 (Mag. Ct. 1950).

The law is well settled that the prosecution bears the burden of proof at a preliminary hearing. The prosecution, in order to establish probable cause, must separate fact from fiction so that the court can evaluate the prosecution's case. If the prosecution's case, and the testimony offered in support of it, appear to be generated by motives other than candor and honesty, then the prosecution has simply failed to sustain its burden of proof. In this case, the judge plainly indicated that he was unable to distinguish between fact and falsehood on the basis of the testimony of the prosecution's chief witness. Under these circumstances, to hold that the charges must be bound over for trial clearly undermines the law respecting the burden of proof at a preliminary hearing.

The majority holding will cause defense counsel to view the preliminary hearing as a useless charade. Under the majority view, it would be sheer folly for defense counsel to offer evidence or call witnesses. The preliminary hearing, under the majority decision, amounts to an *ex parte* proceeding where the defendant's attempt to explain his position is reduced to a meaningless gesture. Criminal charges, in the future, are to be bound over on the basis of a wooden comparison between the testimony of the prosecution's witness and the elements of the crime. Such a procedure undermines the true function of the preliminary hearing which is to weed out the cases which should never have been filed.

Moreover, this court was never intended to sit as a super trial court, and to evaluate the credibility of witnesses whom it has neither seen nor heard. Questions concerning the credibility of witnesses and the weight to be given their testimony at a preliminary hearing are for the trial judge to resolve, and this court should not substitute its judgment for that of the trial court. *People v. Tilley*, 411 Ill. 473, 104 N.E.2d 499 (1952); *DeMond v. Superior Court of Los Angeles County*, 57 Cal.2d 340, 368 P.2d 865, 19 Cal.Rptr. 313 (1962).

The law was well stated by the Supreme Court of Illinois when it said:

"Questions concerning the credibility of witnesses and the weight to be given their testimony are matters for the court on the preliminary examination, or for the jurors when the witnesses testify before them, and this court will not substitute its judgment on such matters for that of the trial court or the jury. People v. Tilley, 406 Ill. 398, 94 N.E.2d 328." *People v. Tilley*, 411 Ill. 473, 104 N.E.2d 499 (1952).

Similarly, the Supreme Court of California correctly resolved the same issue:

"Credibility of witnesses at the preliminary examination, of course, is a question of fact within the province of the committing magistrate to determine, and neither the superior court nor an appellate court may substitute its judgment as to such question for that of the magistrate. (Perry v. Superior Court (1962) 57 A.C. 302, 309 [5,6], 19 Cal. Rptr. 1, 368 P.2d 529; People v. Malki (1960) 181 Cal.App.2d 118, 121 [1], 5 Cal. Rptr. 207; People v. Bouchard (1958) 161 Cal.App.2d 302, 306 [8], 326 P.2d 646; People v. Cornett (1958) 158 Cal.App.2d 724, 728 [1], 322 P.2d 1001, and cases there cited.) The magistrate is not bound to believe even the uncontradicted testimony of a particular witness, especially where the statements are self-serving and the magistrate has reason to believe that other testimony of the witness is untruthful . . . ." *DeMond v. Superior Court of Los Angeles County*, 57 Cal.2d 340, 368 P.2d 865, 19 Cal.Rptr. 313 (1962).

Massachusetts, in a decision that is to be commended for its analysis of the issue which is now before us, not only recognized that the trial judge

has a right and a duty to weigh the credible evidence, but also clarified the quantum of proof that is required in a finding of probable cause at a preliminary hearing:

"[T]he standard of probable cause to bind over must require a greater quantum of legally competent evidence than the probable cause to arrest finding to insure that the preliminary hearing's screening standard is defined in a way that effectuates its purpose. 'It is the magistrate who must determine whether the policeman's "reasonable belief," when made visible constitutes "probable cause" to believe a crime has been committed . . . [and] sufficient evidence to warrant a jury's finding the accused guilty.' Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure,* 69 Yale L.J. 1149, 1166.

"Since the examining magistrate's determination of the minimum quantum of evidence required to find probable cause to bind over is somewhat analogous in function to the court's ruling on a motion for a directed verdict at trial as to whether there is sufficient evidence to warrant submission of the case to the jury, we have decided to adopt a 'directed verdict' rule in defining the minimum quantum of credible evidence necessary to support a bind-over determination. The examining magistrate should view the case as if it were a trial and he were required to rule on whether there is enough credible evidence to send the case to the jury. Thus, the magistrate should dismiss the complaint when, on the evidence presented, a trial court would be bound to acquit as a matter of law. People v. Bernstein, 95 N.Y.S.2d 696, 699 (N.Y.C. Magis.Ct. 1950). The minimum quantum of evidence required by this bind-over standard is more than that of probable cause for arrest but less than would 'prove the defendant's guilt beyond a reasonable doubt.' People v. Bieber, 100 N.Y.S.2d 821, 823 (N.Y.C.Magis.Ct.). See also Commonwealth v. Baron, 356 Mass. 362, 365-366, 252 N.E.2d 220." *Myers v. Commonwealth,* 298 N.E.2d 819 (Mass. 1973).

In summary, I believe that the trial judge should be bound by a test that would be equivalent to the Massachusetts test and patterned upon the principles we established in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973), to assess a motion for judgment of acquittal.

In my view, the record in this case does not reflect any abuse of discretion by the trial judge in his determination that probable cause was not established. The testimony of the prosecution's key witness was contradicted in several material respects by the defendant's witness, Edward R. Quintana. Quintana testified that Mrs. Gonzales struck out at the defendant during the party because the defendant was bragging about having "balled" her. Mrs. Gonzales became very upset, according to Quintana, and actually threatened to call the police. Quintana also heard Mrs. Gonzales say to the defendant, "You fucker, that was just between us." Other testimony established that Mrs. Gonzales may well have been embarrassed

about going out with the defendant, inasmuch as she was married to another man. The trial judge was justified in considering whether the charges which Mrs. Gonzales made were "actuated by prejudice or motives inconsistent with a fair administration of the criminal law."

In my opinion, the majority opinion breeds inconsistency into an already troublesome area of the law. Though consistency has been said to be the "last refuge of the unimaginative," I prefer laws that are certain and predictable. For this reason, I would discharge the rule.

MR. JUSTICE DAY has authorized me to say that he joins me in this dissent.