2011 ND 88

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Billy Joe KINSELLA, Defendant and Appellant.**

**No. 20100355.**

Supreme Court of North Dakota.

May 11, 2011.

Brian D. Grosinger, Assistant State's Attorney, Mandan, N.D., for plaintiff and appellee.

Chad R. McCabe, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Billy Joe Kinsella appeals from a criminal judgment entered on a jury's verdict finding him guilty of sexual assault and from an order denying his motion for a new trial. Kinsella argues the evidence presented at trial is insufficient to support the jury's verdict of guilty and asserts the jury's verdict is against the weight of the evidence. We affirm.

I

[¶ 2] On July 20, 2009, the State charged Kinsella with one count of sexual assault, a class C felony, in violation of N.D.C.C. § 12.1–20–07, alleging Kinsella sexually assaulted his stepdaughter, S.B. A two-day trial took place in August 2010. At trial, the State called as its witnesses the investigating police officer, the nurse who performed the medical examination of S.B., the North Dakota State Crime Laboratory analysts who tested the physical evidence, and S.B.

[¶ 3] In its case in chief, the State established S.B. was sixteen-years-old on the date of the assault. A nurse examined S.B. the day after the assault. The nurse testified the examination revealed some redness and irritation on S.B.'s genitalia, but stated she could not determine the reason for the redness. Following the medical examination, S.B. gave a statement to a police officer. As a result of S.B.'s statement and the medical examination, the officer arrested Kinsella and questioned him about sexually assaulting S.B. The officer testified Kinsella denied the allegations, but stated Kinsella seemed "on guard" and "closed up" during the interrogation and breathed rapidly when answering questions. The officer then obtained a warrant and searched Kinsella's home. Based on S.B.'s statement the sexual assault took place in her bedroom, the officer collected sheets and blankets from her bed and submitted them to the State Crime Laboratory for testing. A crime laboratory analyst testified the bed sheet tested positive for semen. A DNA analysis revealed the semen matched Kinsella's DNA profile. When called to testify, however, S.B. indicated she had no recollection of the assault or the medical examination. The State rested and Kinsella moved for a judgment of acquittal under Rule 29(a) of the North Dakota Rules of Criminal Procedure. The trial court denied the motion.

[¶ 4] Kinsella proceeded with his case in chief. He testified on his behalf and denied the sexual assault allegations. Kinsella's mother, sister, and uncle also testified on his behalf. Their testimony focused on S.B.'s demeanor on the day of the assault and the following day. Each stat-

ed S.B. did not appear to be afraid of Kinsella and looked "normal." S.B.'s mother, and Kinsella's wife, testified S.B. told her about the assault the day after it took place, but stated S.B. later recanted her story and told her nothing had happened between her and Kinsella. S.B.'s sister testified S.B. told her the allegations were not true. At the end of his case in chief, Kinsella renewed his Rule 29(a) motion for a judgment of acquittal, which the trial court again denied. Per Kinsella's request, the trial court stated the reasons for denying the motion on the record. The jury returned a verdict of guilty.

[¶ 5] Kinsella moved for a new trial. The State resisted and the trial court issued an order denying the motion. The trial court subsequently entered a criminal judgment and sentenced Kinsella to five years' imprisonment.

## II

[¶ 6] Kinsella argues the evidence presented at trial is insufficient to support the jury verdict of guilty and asserts the trial court erred in denying his motion for a judgment of acquittal.

[¶ 7] Under N.D.R.Crim.P. 29(a), a trial court must order entry of judgment of acquittal after the State closes its evidence or after the close of all the evidence if the evidence is insufficient to sustain a conviction. Our standard of review for challenges to sufficiency of the evidence is well established:

> When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.... A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Wanner*, 2010 ND 121, ¶ 9, 784 N.W.2d 143 (quotations omitted).

[¶ 8] Section 12.1–20–07(1)(f), N.D.C.C., provides that "[a] person who knowingly has sexual contact with another person ... is guilty of an offense if ... [t]he other person is a minor, fifteen years of age or older, and the actor is an adult." Section 12.1–20–07(2), N.D.C.C., further provides such a violation is a class C felony if the adult is at least twenty-two years of age. In his sufficiency-of-the-evidence challenge, Kinsella argues the trial court erred in denying his motion for a judgment of acquittal because the State failed to prove in its case in chief Kinsella was over the age of twenty-two.

[¶ 9] Kinsella correctly points out his age is an element of the offense, which the State had to prove beyond a reasonable doubt. Section 12.1–01–03(1)(b), N.D.C.C., explains that "[t]he attendant circumstances specified in the definition and grading of the offense" constitute an element of the offense. The State charged Kinsella with sexual assault, a class C felony, in violation of N.D.C.C. § 12.1–20–07, alleging Kinsella, "older than age twenty two, knowingly had sexual contact with S.B., a minor, 16 years of age." Thus, the State had to prove beyond a reasonable doubt that: (1) on or about the date alleged in the information, in the county and state alleged in the information, the defendant knowingly had sexual contact with the victim; (2) the victim was a minor, fifteen years of age or older; and (3) the

defendant was an adult over the age of twenty-two. *See* N.D.C.C. § 12.1–01–03(1) ("No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt.").

[¶ 10] In its case in chief, the State established Kinsella was the stepfather of S.B., but did not present any direct evidence and did not offer any testimony about Kinsella's age. In his brief, Kinsella urges us to consider only the evidence presented during the State's case in chief, arguing "this Court must decide the sufficiency of the evidence on the basis of the evidence at the time of the initial ruling after the prosecution closed its evidence." Our case law, however, does not support Kinsella's argument.

█ [¶ 11] In *State v. Allen*, we considered for the first time whether a defendant whose motion for a judgment of acquittal is denied at the close of the State's case in chief "waive[s] his right to appellate review of the denial as of that stage of the proceedings by submitting testimony in his defense." 237 N.W.2d 154, 158 (N.D.1975). Answering in the affirmative, we concluded that "[b]y presenting evidence after a motion for judgment of acquittal is denied at the close of the prosecution's case in chief, a defendant permits this [C]ourt to review the entire record to determine whether sufficient evidence exists to sustain the verdict." *Id.* at 159. We explained our decision to adopt the waiver rule was in accordance with the majority of the federal courts of appeals and with our prior decisions on appeals challenging the sufficiency of the evidence. *Id.; see also State v. Neset*, 216 N.W.2d 285 (N.D.1974) (analyzing all the evidence presented to the trial court when reviewing the sufficiency of the evidence) (overruled on other grounds). The waiver rule we adopted in *Allen* continues to govern the standard for challenges to the suffi-

ciency of the evidence following a denial of a motion for judgment of acquittal under N.D.R.Crim.P. 29(a). *See, e.g., State v. Schaeffer*, 450 N.W.2d 754, 756 (N.D.1990) (stating that by presenting evidence after a motion for judgment of acquittal is denied at the close of the prosecution's case in chief, the defendant permits this Court to consider the entire record on appeal) (overruled on other grounds); *State v. Prociv*, 417 N.W.2d 840, 842–43 (N.D.1988) (refusing to overrule the waiver rule adopted in *Allen* and holding that "when a defendant elects to present evidence after the trial court has denied defendant's motion for judgment of acquittal, this [C]ourt may review the entire record, and not merely the evidence presented during the State's case in chief, to determine whether there is sufficient evidence to sustain the verdict"). Further, our adherence to the waiver rule is consistent with the position taken by the federal circuit courts of appeals and the majority of state courts. *See, e.g., United States v. Wetzel*, 514 F.2d 175, 177 (8th Cir.1975) (holding that a defendant who does not to stand on his motion for acquittal but chooses to introduce evidence in his defense, allows a reviewing court to examine the evidence as a whole, including the evidence offered by the defendant); *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir.2001) (stating that in evaluating the sufficiency of the evidence, an appellate court is not limited to the government's case and may look to the testimony of the defendant, who testifies in his defense); *State v. Perkins*, 271 Conn. 218, 856 A.2d 917, 932 n. 23 (2004) (explaining that every federal circuit court of appeals and at least thirty-one states presently follow the waiver rule).

█ [¶ 12] Kinsella chose not to stand on his motion for a judgment of acquittal at the close of the State's case in chief; rather, he chose to introduce evidence in

his defense and testify on his behalf. Accordingly, we are not limited to the evidence presented during the State's case in chief, but may examine the entire evidence, including Kinsella's testimony. Kinsella testified on cross that he was thirty-four-years-old. Based on his testimony, the jury could have reasonably concluded Kinsella was over the age of twenty-two. Therefore, sufficient evidence exists to support the jury's finding Kinsella was over the age of twenty-two.

[¶ 13] Kinsella further argues, however, the evidence presented at trial is insufficient to support the jury's finding he "knowingly" had "sexual contact with S.B." He asserts the semen found on S.B.'s bed sheet does not prove he had the intent to commit the offense.

[¶ 14] We have stated that, often, the only method of proving criminal intent is through circumstantial evidence. *State v. Olson*, 552 N.W.2d 362, 364 (N.D. 1996). "A defendant's conduct may be considered as circumstantial evidence of the required criminal intent." *State v. Sabo*, 2007 ND 193, ¶ 20, 742 N.W.2d 812. "A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts." *State v. Bertram*, 2006 ND 10, ¶ 5, 708 N.W.2d 913.

[¶ 15] At trial, the investigating officer testified Kinsella seemed "on guard" and "closed up" when questioned about the sexual assault allegations. An analyst from the State Crime Laboratory testified Kinsella's semen was present on the bed sheet recovered from S.B.'s bedroom, along with S.B.'s skin cells. The State also presented evidence from the results of S.B.'s medical examination following the assault, which revealed redness and irritation on S.B.'s genitalia. Further, Kinsella's wife testified S.B. told her about the sexual assault the day after the assault took place, even though S.B. later recanted her story. We conclude the jury could infer Kinsella had the requisite intent based on the evidence presented at trial. Moreover, the presence of Kinsella's semen on the bed sheet recovered from S.B.'s bedroom and the nurse examiner's testimony she observed redness and irritation on S.B.'s genitalia are sufficient bases for the jury to infer sexual contact. *See* N.D.C.C. § 12.1–20–02(5) (defining sexual contact as any touching of the sexual or intimate parts of the person or the penile ejaculation for purposes of arousing or satisfying sexual desires). Accordingly, we conclude sufficient evidence exists to support the jury's verdict of guilty.

III

[¶ 16] Kinsella argues the trial court abused its discretion in denying his motion for a new trial because the jury's verdict is against the weight of the evidence. In his motion, he asserted "a miscarriage of justice ha[d] resulted" because the evidence was insufficient to sustain the conviction.

[¶ 17] When considering a motion for a new trial based on insufficiency of the evidence, a trial court may set aside a jury verdict and order a new trial if the trial court decides the verdict is "manifestly against the weight of the evidence." *Gisvold v. Windbreak, Inc.*, 2007 ND 54, ¶ 10, 730 N.W.2d 597. The trial court, however, cannot substitute its own judgment for that of the jury or "act as a thirteenth juror when the evidence is such that different persons would naturally and fairly come to different conclusions." *Id.* at ¶ 11. In reviewing a motion for a new trial, we do not apply the same standard as the trial court and do not reweigh the evidence. *State v. Klose*, 2003 ND 39, ¶ 18, 657 N.W.2d 276. Rather, our review is limited to whether the trial court abused

its discretion. *Id.* A trial court abuses its discretion when it acts unreasonably, arbitrarily, or unconscionably in rendering its decision. *Id.*

[¶ 18] In its order denying Kinsella's motion for a new trial, the trial court concluded the evidence presented at trial supported the jury's verdict and stated Kinsella's conviction did not result in a miscarriage of justice. The trial court noted its reasons for denying the motion for a new trial are the same as its reasons for denying Kinsella's motion for a judgment of acquittal. The trial court denied Kinsella's motion for a judgment of acquittal concluding that based on the evidence presented at trial a jury could reasonably draw an inference that (1) on or about the date alleged in the information, in the county and state alleged in the information, Kinsella knowingly had sexual contact with S.B.; (2) S.B. is a minor, fifteen years of age or older; and (3) Kinsella is an adult over the age of twenty-two. *See* N.D.C.C. § 12.1–20–07(1)(f) and (2) (defining sexual assault).

[¶ 19] We conclude the trial court did not abuse its discretion in denying Kinsella's motion for a new trial because the record contains sufficient evidence establishing each of the elements of the offense of sexual assault. Therefore, the jury's verdict is not against the weight of the evidence.

IV

[¶ 20] We affirm.

[¶ 21] GERALD W. VANDEWALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.