MELVIN L. CRANFORD, PETITIONER, *v.* STANLEY A. SMART, DISTRICT JUDGE, THIRD JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF LANDER, RESPONDENT.

No. 8599

February 12, 1976                    545 P.2d 1162

*Horace R. Goff,* State Public Defender, Carson City, for Petitioner.

*Robert List,* Attorney General, Carson City; *George G. Holden,* District Attorney, and *Hy T. Forgeron,* Deputy District Attorney, Lander County, for Respondent.

## OPINION

*Per Curiam:*

Melvin L. Cranford was charged with several offenses, one of which being an ex-felon in possession of a firearm. After preliminary examination, where Cranford was ordered to stand trial, he sought and was denied habeas corpus. On appeal we reversed as to the "ex-felon in possession" count because the record contained "neither probative nor demonstrable evidence that Cranford was an ex-felon." Cranford v. Sheriff, 91 Nev. 551, 553, 539 P.2d 1215, 1216 (1975). Thereafter, the prosecuting attorney, pursuant to NRS 173.035 (2), obtained leave in the district court to file an information upon affidavit, charging Cranford with the same offense.

Cranford then filed a petition seeking the extraordinary writ of prohibition contending the charge, as filed, cannot stand. The answer, which was ordered pursuant to NRAP 21(b), fails to present arguable cause against issuance of the writ.

After we reversed, if the prosecuting attorney had evidence that Cranford was an ex-felon, he was not precluded from instituting new charges in the justice's court, or from seeking an indictment before a grand jury. McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970). Cf. Johnson v. Sheriff, 89 Nev.

304, 511 P.2d 1051 (1973). However, he could not proceed under NRS 173.035(2).[1] That statute contemplates a safeguard against egregious error by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit. See Lamb v. Loveless, 86 Nev. 286, 468 P.2d 24 (1970). Cf. Woofter v. Kelly, 90 Nev. 345, 526 P.2d 337 (1974); Ryan v. District Court, 88 Nev. 638, 503 P.2d 842 (1972); and, Martin v. Sheriff, 88 Nev. 303, 496 P.2d 754 (1972). Accordingly, we order the issuance of the peremptory writ of prohibition, forthwith, compelling respondent to dismiss the information filed pursuant to NRS 173.-035(2).

---

[1]The applicable portion of NRS 173.035(2) reads: "If, however, upon the preliminary examination the accused has been discharged, . . . the district attorney or the attorney general . . . may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information. . . ."