DENNIS ARTHUR FEOLE, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 27722

May 22, 1997                    939 P.2d 1061

*Kenneth V. Ward*, Public Defender, Lyon County, for Appellant.

*Frankie Sue Del Papa*, Attorney General, Carson City; *Robert E. Estes*, District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

### FACTS

Appellant Dennis Arthur Feole shared a household with Martha Tiscareno. Tiscareno told Feole that she might report Feole's son Dominic's use of marijuana to the police. Feole responded by telling Tiscareno that if she "snitched," her body would be found in the desert. Tiscareno reported Dominic to the

police, then moved out of the house. When Tiscareno next saw Feole, Feole made shoveling motions saying, "Remember what I told you."

Feole was charged by complaint with preventing or dissuading a witness from reporting a crime, and with intimidating a witness to influence testimony. At Feole's preliminary hearing, the justice of the peace, finding no probable cause, dismissed both charges.

After the charges were dismissed, Robert Witek, Deputy District Attorney, filed in the district court an information alleging the same violations set forth in the original criminal complaint and a Motion for Leave to File Information by Affidavit. Witek then filed an Affidavit in Support of Information that stated that Witek had been the prosecutor at the preliminary hearing and set forth the testimony of the two witnesses at the preliminary hearing.

Feole filed a Motion to Strike the Information and Opposition to Motion for Leave to File Information by Affidavit. The district court heard the State's Motion For Leave to File Information by Affidavit and allowed the State to file the information. However, after the hearing, the State filed an Amended Information, changing the original charges to one count of Attempted Preventing or Dissuading A Witness from Reporting A Crime, in violation of NRS 193.330 and NRS 199.305.

A jury trial resulted in a verdict of guilty on the amended information. Feole now appeals the district court's decision to permit the State to file the information.

## DISCUSSION

After the justice court determines that probable cause does not exist to bind an accused over for trial, the State has two options. First, it can bring charges against the accused again by filing a second complaint with the justice court or by indictment. Murphy v. State, 110 Nev. 194, 198, 871 P.2d 916, 918 (1994). This is the proper method if the State wishes to correct and/or satisfy deficiencies in the evidence. See id. Alternatively, the State can proceed pursuant to NRS 173.035, which states in pertinent part:

> 2. If, however, upon the preliminary examination the accused has been discharged, . . . the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process must forthwith be issued thereon.

We have stated that this statute "contemplates a safeguard against egregious error by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit." Cranford v. Smart, 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976).

Feole contends that the district court erred in allowing the State to file an information by affidavit because NRS 173.035 is a remedy for "egregious error," but here, the justice of the peace did not commit egregious error in failing to find probable cause. We agree.

<span style="background:black">             </span>

Initially, we recognize that the State did not comply with the technical requirement of NRS 173.035(2) that it attach an affidavit of a competent witness with knowledge of the commission of the offense. The prosecutor filed his own affidavit, which we have previously stated is insufficient to satisfy the statute. Cipriano v. State, 111 Nev. 534, 540, 894 P.2d 347, 351 (1995).

<span style="background:black">             </span>

We also conclude that the failure of the justice of the peace to bind Feole over for trial does not constitute egregious error. First, Feole did not succeed in preventing Tiscareno from reporting Dominic, even though he had been charged with preventing or dissuading a witness from reporting a crime. Additionally, at the preliminary hearing, evidence of these crimes consisted of testimony by Tiscareno and Rose Corcilius (Feole's niece). Tiscareno testified that Feole told her that if she "snitched" her body would be found out in the desert, and that she was fearful of Feole at that time. However, on cross-examination, Tiscareno testified that Feole never threatened to kill her, and that Feole was easily angered and said things he did not carry out. The month after the alleged threat was made, Corcilius saw Feole. Corcilius testified, "I thought maybe he was going to do something to her, possibly," and "I just assumed that she was going to be hurt." Neither Tiscareno nor Corcilius saw Feole with any weapon.

Furthermore, any evidence that Feole intimidated Tiscareno to influence testimony is insubstantial. Tiscareno testified that after she reported Dominic, when she saw Feole at the casino Feole made some "shoveling motions," but she did not state that Feole told her directly not to testify against Dominic.

Tiscareno testified that Feole never abused her, and that he never showed her a weapon. There is little or no evidence that the alleged threat was accompanied by physical acts. *After* Tiscareno reported Dominic, and after she saw Feole at the casino, Feole apparently suggested to Corcilius that "he knew someone in Oregon" who might hurt Tiscareno. Because Feole's statements

to Corcilius occurred after the alleged threats, and were not made to Tiscareno, it is unlikely that Feole could have intended them to prevent Tiscareno from reporting or testifying against Dominic. Based on this evidence, we conclude that the failure to bind Feole over for trial was not an egregious error.

Finally, we note that after the prosecutor was permitted to file the information in the district court, he amended the information to charge Feole with *attempted* preventing or dissuading a witness from reporting a crime. Because we have concluded that the district court erred in permitting the prosecutor to file the information, we also must conclude that the conviction on the amended information's charges was improper. Because the information should never have been filed, the amended information should also have never been filed. Had the prosecutor wished to charge Feole with the attempted crime, he should have refiled a complaint in the justice's court, not availed himself of the procedure delineated in NRS 173.035(2).

In view of the circumstances of this case and the character of the district court's error, we conclude that the district court's judgment of conviction must be reversed.[1]

---

[1]The Honorable A. William Maupin, Justice, did not participate in the decision of this appeal.