THE STATE OF NEVADA, PETITIONER, v. THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF HUMBOLDT, AND THE HONORABLE JERRY V. SULLIVAN, DISTRICT JUDGE, RESPONDENTS, AND MASON MILLER WARREN, REAL PARTY IN INTEREST.

No. 31561

July 16, 1998                                964 P.2d 48

R. Michael McCormick, District Attorney and Conrad Hafen, Deputy District Attorney, Humboldt County, for Petitioner.

Ted Herrera, Winnemucca, for Real Party in Interest.

## OPINION

*Per Curiam:*

On January 24, 1997, a complaint was filed against real party in interest, Mason Miller Warren, charging him with one count of trafficking in a controlled substance, and one count of possession of a controlled substance. On March 6, 1997, after a preliminary hearing, the magistrate dismissed the trafficking charge and bound Warren over to the district court on the possession charge.

On March 7, 1997, the state filed a motion for leave to file a felony information by affidavit. NRS 173.035(2) provides, in pertinent part, that if an accused has been discharged after the preliminary hearing, the district attorney may, by leave of the district court, file an information "upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case." On April 11, 1997, District Judge Richard A. Wagner ruled that the magistrate had not committed egregious error[1] and dismissed the state's motion.

On April 14, 1997, the state filed a second complaint in justice's court, charging Warren with trafficking in a controlled substance. On May 29, 1997, the magistrate granted Warren's motion to dismiss the complaint. The magistrate found, "as a matter of law, that when a criminal charge has been dismissed because the state failed to provide slight or marginal evidence at the time of the preliminary hearing, the state is prohibited from refiling the criminal complaint stating the same charge that was dismissed because of insufficient evidence." The magistrate's conclusion accurately reflects NRS 178.562(2), which provides: "The discharge of a person accused upon preliminary examination *is a bar to another complaint against him for the same offense,* but does not bar the finding of an indictment or filing an information." (Emphasis added.)

---

[1]*See* Cipriano v. State, 111 Nev. 534, 539, 894 P.2d 347, 351 (1995) ("NRS 173.035(2) allows the prosecutor to correct egregious errors made by a magistrate in failing to bind an accused over for trial."), *modified on other grounds by* Tinch v. State, 113 Nev. 1170, 946 P.2d 1061 (1997).

On May 29, 1997, the state filed a notice of appeal to the district court from the magistrate's order. District Court Judge Jerry Sullivan heard argument on the appeal on September 22, 1997. On September 30, 1997, the district court entered an order dismissing the appeal. The state filed a timely appeal to this court from the district court's order. Because the district courts have final appellate jurisdiction in cases arising in justices' and municipal courts, this court dismissed the appeal for lack of jurisdiction. State v. Warren, Docket No. 31162 (Order Dismissing Appeal, December 10, 1997). *See* Nev. Const. art. 6, § 6; Tripp v. City of Sparks, 92 Nev. 362, 550 P.2d 419 (1976); Waugh v. Casazza, 85 Nev. 520, 458 P.2d 359 (1969).

On December 18, 1997, the state filed the instant petition for a writ of mandamus or alternatively, prohibition. The state contends that the district court exceeded its jurisdiction by dismissing the appeal from the justice's court. Specifically, the state argues that the justice's court erred by granting Warren's motion to dismiss the second complaint that was filed charging Warren with trafficking. Thus, the state argues, the district court should not have dismissed the state's appeal from justice's court. In support of its position, the state cites three decisions by this court: Feole v. State, 113 Nev. 628, 939 P.2d 1061 (1997); Cipriano v. State, 111 Nev. 534, 894 P.2d 347 (1995); and Murphy v. State, 110 Nev. 194, 871 P.2d 916 (1994). The state argues that these three opinions "direct[] prosecutors to refile the criminal complaint if the original complaint has been dismissed for insufficient evidence."

The three decisions cited by the state appear to directly conflict with NRS 178.562(2), and, therefore, this petition presents an important issue of statewide concern involving criminal proceedings in the justices' courts of this state. Accordingly, we have elected to exercise our discretion to consider the merits of this petition. *See, e.g.*, Ashokan v. State, 109 Nev. 662, 856 P.2d 244 (1993); Babayan v. State, 106 Nev. 155, 787 P.2d 805 (1990).

*Murphy* involved an individual who was charged with possession of stolen cattle. The justice's court concluded that there was inadequate evidence to bind Murphy over for trial. The state then filed a motion for leave to file an information by affidavit, as provided by NRS 173.035(2). This procedure does not conflict with NRS 178.562(2), because the latter statute specifically allows for the filing of an information if the justice's court does not bind a defendant over for trial. However, this court has held that NRS 173.035(2) is "a safeguard against *egregious error* by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary

examination, through affidavit." Cranford v. Smart, 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976).

In *Murphy,* this court held that "[t]he State ha[d] failed to make a showing that Judge Terrell's refusal to bind over Murphy for trial was an egregious error." 110 Nev. at 198, 871 P.2d at 918. Therefore, the state could not proceed against Murphy by filing an information upon affidavit. Unfortunately, this court went on to say, "Pursuant to our holding in *Cranford,* the proper way for the State to bring the charges against Murphy would have been *by filing a second complaint* or by indictment." *Id.* Our reference to the filing of a second complaint directly conflicts with the language of NRS 178.562(2) which specifically bars such action.

*Cranford* involved an individual who had been bound over after preliminary examination on charges of being an ex-felon in possession of a firearm. He sought pretrial habeas corpus relief in the district court, arguing that the record contained no evidence that he was an ex-felon. The district court denied his petition, and he appealed. This court reversed. Cranford v. Sheriff, 91 Nev. 551, 553, 539 P.2d 1215, 1216 (1975). Thereafter, the prosecuting attorney obtained leave to file an information upon affidavit, pursuant to NRS 173.035(2), charging Cranford with the same offense. Cranford then sought a writ of prohibition.

This court held that if the state had evidence that Cranford was an ex-felon, the state "was not precluded from instituting new charges in the justice's court, or from seeking an indictment before a grand jury." *Cranford,* 92 Nev. at 90, 545 P.2d at 1163.

However, there is an important distinction between *Cranford* and *Murphy.* Specifically, Cranford was granted relief pursuant to a pretrial petition for a writ of habeas corpus. "A discharge by writ of habeas corpus, being merely from custody and not from penalty, does not operate as an acquittal and is not a bar to subsequent proceedings." Stone v. State, 85 Nev. 60, 64, 450 P.2d 136, 138 (1969). As we noted in *Stone,* NRS 34.590 specifically permits the state to re-arrest and reinstitute the same charges in justice's court against an accused who has successfully obtained a discharge from custody by way of a pretrial petition for a writ of habeas corpus.[2] In *Murphy,* the filing of a second

[2]NRS 34.590 provides:

> No person who has been discharged by the order of the judge upon habeas corpus issued pursuant to the provisions of this chapter shall be again imprisoned, restrained or kept in custody for the same cause, except in the following cases:
> 1. If he shall have been discharged from custody on a criminal charge and be afterwards committed for the same offense by legal order or process.
> 2. If after a discharge for defect of proof, or for any defect of the

complaint should have been barred by NRS 178.562(2) because Murphy had been discharged upon preliminary examination. On the other hand, in *Cranford,* subsequent proceedings were not barred because the relief obtained by Cranford was merely from custody, not from penalty. This court unfortunately overlooked this distinction in *Murphy,* and incorrectly stated the law.

In *Cipriano* and *Feole,* this court repeated the incorrect statement of law. Both *Cipriano* and *Feole* involved defendants who were not bound over after the preliminary hearing, and the state had not demonstrated egregious error required to file an information upon affidavit. In both cases, this court concluded that the state could have either sought a grand jury indictment or filed a second complaint. *Cipriano,* 111 Nev. at 540-541, 894 P.2d at 351; *Feole* 113 Nev. at 630, 939 P.2d at 1063. Although the state could have sought an indictment in either case, the state was expressly prohibited from filing a second complaint in justice's court. NRS 178.562(2). However, neither case addressed this proscription.

In the instant petition, the state urges this court ''to direct the district court to apply the law as set forth in *Murphy, Cipriano,* and *Feole.''* Although the state accurately represents this court's holdings in *Murphy, Cipriano,* and *Feole,* we conclude that those three decisions are flawed, in that they directly conflict with the proscription of NRS 178.562(2). To grant the instant petition would be to perpetuate a line of cases which are in error. Instead, we take this opportunity to clarify this area of the law.

Pursuant to NRS 178.562(2), if a defendant is not bound over, the state may: (1) seek leave to file an information by affidavit in the district court, pursuant to NRS 173.035(2); or (2) seek an indictment by a grand jury. However, the state may not refile the original charges in justice's court if the defendant was not bound over.[3] To the extent that *Murphy, Cipriano,* and *Feole* differ from this scheme, they are expressly overruled.[4]

---

process, warrant or commitment in a criminal case, the prisoner be again arrested on sufficient proof and committed by legal process for the same offense.

[3]If the defendant is granted relief pursuant to a pretrial petition for a writ of habeas corpus (as was the case in *Cranford*), the state may refile the original charges in justice's court, because discharge by writ of habeas corpus does not act as a bar to subsequent proceedings.

[4]We acknowledge that anomalous consequences may result under the conflicting provisions of NRS 34.590 and NRS 178.562(2). Whether an accused is discharged for lack of probable cause ''upon preliminary examination'' under NRS 178.562, or upon the granting of a pretrial petition for a writ of habeas corpus under NRS 34.590, the legal analysis respecting the presence of probable cause entails the same considerations. Nonetheless, the legislature's decision to distinguish between a finding of no probable cause

Based on the foregoing analysis, we conclude that the instant petition must be, and is hereby, denied.[5]

by a magistrate upon preliminary examination and a discharge by way of a writ of habeas corpus can be traced to historic, long-standing traditions respecting the writ of habeas corpus. Thus, because neither statute offends any constitutional proscription, we conclude that the duty to remedy any anomaly falls within the purview of the legislature, not this court.

[5]THE HONORABLE A. WILLIAM MAUPIN, Justice, did not participate in the decision of this matter.