An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| MELISSA LAWRENCE,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>DOUGLAS SMITH, DISTRICT JUDGE,<br>Respondents,<br>  and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 67237 |

FILED

MAY 18 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus or prohibition challenging a district court order granting a motion to file an information by affidavit pursuant to NRS 173.035(2). We elect to exercise our discretion and consider the merits of this writ petition in the interest of sound judicial economy and administration. *See Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (noting that this court has complete discretion to determine whether to consider a petition for a writ of mandamus or prohibition and that even when an arguable adequate remedy exists, this court may exercise its discretion "under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition" (internal quotation marks omitted)); *see also* NRS 34.160; NRS 34.170; NRS 34.320; NRS 34.330; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193,

15-15246

197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." (footnote omitted)).

Lawrence claims that the district court arbitrarily or capriciously exercised its discretion when it granted the State's motion to file an information by affidavit after the justice court discharged an allegation of substantial bodily harm and a count of preventing or dissuading a witness or victim from reporting a crime or commencing prosecution. Pursuant to NRS 173.035(2), after a preliminary examination and subsequent discharge of an accused by the justice court, the prosecution may upon affidavit and with leave of the district court file an information. "[NRS 173.035(2)] contemplates a safeguard against *egregious error* by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit." *Cranford v. Smart*, 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976) (emphasis added).

First, Lawrence contends that the justice court correctly discharged the allegation of substantial bodily harm attendant to the count of child neglect or endangerment. At the preliminary hearing, S.L. testified that she was beaten with a belt every other day for years, that the marks lasted 1 to 2 weeks, and that she never received medical attention for her injuries. Dr. Cetl testified that one priority in treating injuries such as those seen in photographs of S.L.'s back and introduced into evidence would be pain control, especially given that the injured area was one where movement and contact with clothing and furniture could cause further pain. The district court concluded that "there is no question

that S.L. suffered prolonged physical pain." We agree, *see* NRS 0.060 (defining substantial bodily harm, in part, as "[p]rolonged physical pain"), and conclude that the district court did not arbitrarily or capriciously exercise its discretion.

Second, Lawrence contends that the justice court correctly discharged the count of preventing or dissuading a witness or victim from reporting a crime or commencing prosecution. The State's evidence consisted of (1) Lawrence's own statements to law enforcement upon finding out that her children were being removed ("I hope they fight. I have instructed them to kick, scream, yell," and "to fight CPS if they tried to pick them up"); (2) an employee of Department of Family Services testifying about an interview with S.L.'s younger sister, N.B., 5 years previous, in which N.B. said that her parents (codefendant and Lawrence) told her not to say anything if an adult asks questions about what goes on in the home or she would get in trouble; and (3) testimony by N.B. at the preliminary hearing that she was scared to answer questions about whether her parents told her not to talk to or cooperate with CPS because it could hurt her family. S.L. testified that it was the codefendant, not Lawrence, who told her to lie or not to disclose to Child Protective Services.

In granting the State's motion to file an information by affidavit, the district court found that the State presented sufficient evidence of the count and that it was improperly stricken by the justice court. Unlike the evidence of substantial bodily harm, the evidence supporting this count was less compelling and conclusive. While the district court may have reached a different conclusion than the justice court, that does not make the failure to bind over an egregious error. *See*

*Cipriano v. State*, 111 Nev. 534, 540, 894 P.2d 347, 351 (1995) (recognizing that a reviewing court may reach a different conclusion regarding probable cause but that does not make the failure to bind over egregious error), *overruled on other grounds by State v. Sixth Judicial Dist. Court*, 114 Nev. 739, 964 P.2d 48 (1998). We conclude that the district court abused its discretion when it allowed the State to file an information containing this count and grant the petition in part as it relates to this claim.

To the extent that Lawrence argues that the State failed to file a supporting affidavit as required by NRS 173.035(2), the statute provides that "[t]he affidavit need not be filed in cases where the defendant has waived a preliminary examination, *or upon a preliminary examination has been bound over to appear at the court having jurisdiction*" (emphasis added). Lawrence had a preliminary examination and was bound over to the district court on three of the counts alleged in the criminal complaint. Therefore, this argument has no merit.

For the reasons stated above, we

ORDER the petition DENIED IN PART AND GRANTED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to strike the count of preventing or dissuading a witness or victim from reporting a crime or commencing prosecution from the information.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Douglas Smith, District Judge
Gary A. Modafferi
Michael I. Gowdey
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk