# IN THE SUPREME COURT OF THE STATE OF NEVADA

LESLIE VILLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67568

**FILED**

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping, domestic battery (strangulation), and battery causing substantial bodily harm. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant Leslie Villa first argues that relief is warranted because the jury's verdicts are inconsistent. Verdicts will not be rejected for inconsistency when substantial evidence supports the defendant's convictions. *Bollinger v. State*, 111 Nev. 1110, 1116, 901 P.2d 671, 675 (1995); *see also United States v. Powell*, 469 U.S. 57, 65 (1984). The record contains substantial evidence for the jury to find, beyond a reasonable doubt, that Villa kidnapped the victim by carrying her to his car and driving away with the intent of substantially harming or killing her, battered her by strangling her, and battered her causing a protracted loss of function to her right eye. *See* NRS 0.060; NRS 200.310(1); NRS 200.481(2)(b). Accordingly, we conclude that this claim lacks merit.

Second, Villa argues that the State filed multiplicitous charges and thereby deprived him of a fair trial. "Multiplicity concerns the charging of a single offense in several counts." *Gordon v. Eighth Judicial Dist. Court*, 112 Nev. 216, 229, 913 P.2d 240, 248 (1996). The "test for

16-23585

multiplicity is that offenses are separate if each requires proof of an additional fact that the other does not." *Bedard v. State*, 118 Nev. 410, 413, 48 P.3d 46, 48 (2002) (internal citations omitted). First-degree kidnapping, domestic battery (strangulation), and battery causing substantial bodily harm constitute separate offenses under this review. As kidnapping requires a carrying away, domestic battery (strangulation) requires strangulation but not substantial bodily harm, and battery causing substantial bodily harm requires substantial bodily harm but not strangulation, each contains an element that the other does not. Despite Villa's misconception to the contrary, strangulation is conduct that impedes a person's breathing or circulation in a manner that "creates a *risk* of death or substantial bodily harm," and does not require that the conduct actually cause substantial bodily harm. NRS 200.481(1)(h) (emphasis added). We conclude that Villa's multiplicity claim lacks merit.[1]

Third, Villa argues that his two battery convictions violated the prohibition against double jeopardy. Two offenses do not violate the prohibition against double jeopardy if each offense requires an element that the other does not. *Jackson v. State*, 128 Nev. 598, 604, 291 P.3d 1274, 1278 (2012). As domestic battery (strangulation) and battery causing substantial bodily harm each contain an element that the other does not, as shown above, convictions for both offenses do not violate double jeopardy, and we conclude that Villa's claim lacks merit.

---

[1]Villa also argues that the charges were improperly duplicitous. Duplicity is the charging of two crimes in one count, *Gordon v. Eighth Judicial Dist. Court*, 112 Nev. 216, 228, 913 P.2d 240, 247-48 (1996), and is in no way present here.

Fourth, Villa argues that the State committed misconduct in its closing argument. The court follows a two-step approach in assessing claims of prosecutorial misconduct: we first determine whether the conduct was improper, and if so, we then determine whether reversal is warranted. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). The court reviews unpreserved error for plain error affecting the appellant's substantial rights by causing "actual prejudice or a miscarriage of justice." *Id.* at 1190, 196 P.3d at 477. Deputy District Attorney Michael Vieta-Kabell undeniably committed prosecutorial misconduct both in injecting personal opinion by stating his personal view of certain facts and his belief that the case contained a clear instance of attempted murder, *see Collier v. State*, 101 Nev. 473, 480, 705 P.2d 1126, 1130 (1985), and in urging the jury to disregard its instructions and find Villa guilty of each offense *and* its lesser-included offenses, *see State v. McCorkendale*, 979 P.2d 1239, 1252-53 (Kan. 1999), *disapproved of on other grounds by State v. King*, 204 P.3d 585 (Kan. 2009). However, Villa has failed to show that this error affected his substantial rights because overwhelming evidence supported Villa's guilt and the jury rejected Vieta-Kabell's personal opinion by acquitting Villa of attempted murder and properly completing its verdict form in accordance with the jury instructions. Thus, we conclude that Villa has failed to show that Vieta-Kabell's misconduct warrants relief.

Fifth, Villa argues that the State improperly failed to preserve potentially exculpatory evidence in failing to take a blood draw when he gave his police statement. If the State fails to gather evidence and the defense shows that the evidence was material, relief is warranted when the failure to gather the evidence was the result of gross negligence or a

bad faith effort to prejudice the defendant. *Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998). Villa argues that a blood draw would have demonstrated an elevated level of phentermine in his bloodstream, showing that he was under the influence of that medication during the incident. We conclude, however, that Villa has failed to show that the bloodstream evidence was material because he has not shown a reasonable degree of probability that the evidence would have led to a different trial outcome when (1) he appeared cogent and not intoxicated when arrested shortly after the incident and during the police statement the next day, (2) the police statement was taken 18 hours after the incident and no evidence was produced regarding phentermine's dissipation rate and showing the significance that such a delayed sample could have, (3) the State's expert testified that he had found no reported instances of phentermine causing psychosis, and (4) overwhelming evidence supported Villa's guilt. *See id.* Accordingly, this claim lacks merit.

Sixth, Villa argues that the district court erred in denying his motion to suppress his police statement when he did not expressly waive his *Miranda*[2] rights. A defendant's statement during a police interrogation is inadmissible unless the defendant knowingly and voluntarily waived his *Miranda* rights. *Berghuis v. Thompkins*, 560 U.S. 370, 382 (2010); *Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 181 (2006). We review whether a waiver was voluntary de novo. *Mendoza*, 122 Nev. at 276, 130 P.3d at 181. Here, Detective Michael Eisenloffel gave Villa a *Miranda* warning, Villa asserted that he understood his rights and had no questions, and Villa commenced speaking with Eisenloffel without

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

any coercion or undue pressure. Villa later objected to representation by counsel and stated that he wanted to admit to his misconduct to "get it over with." As the record shows that Villa received his *Miranda* warning, understood the waiver, and made his statement without coercion, we conclude that he implicitly waived his *Miranda* rights. *See Berghuis*, 560 U.S. at 384.[3]

Seventh, Villa argues that the evidence presented at trial was insufficient to support the jury's finding of guilt for the substantial-bodily-harm element of battery causing substantial bodily harm. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The victim testified, and Villa admitted, that he punched and choked the victim, causing her to lose consciousness. At the hospital, the victim presented with petechiae on her face and eyes, among other injuries, and the examining nurse testified that this indicated that the compression that Villa applied caused capillaries in the victim's face, eyes, and brain to rupture. The following day, the victim's eye "completely

---

[3]To the extent that Villa suggests that the phentermine he ingested the previous day rendered him intoxicated and his waiver thus involuntary, we reject that contention, as the record does not support that he was intoxicated or unable to understand his rights during the interrogation. *See Falcon v. State*, 110 Nev. 530, 534, 874 P.2d 772, 775 (1994) (concluding waiver was valid, despite prior ingestion of controlled substances, when appellant exhibited no signs of intoxication, appeared able to comprehend and voluntarily waive his rights, and spoke willingly to police).

turned inward towards [her] nose," remaining in that impaired condition for more than one week.

The jury could reasonably infer from the evidence presented that Villa willfully and unlawfully used force upon the victim's person, causing protracted impairment of the function of her right eye. *See* NRS 0.060; NRS 200.481(2)(b). It is for the jury to determine the weight and credibility to give witness testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Accordingly, we conclude that this claim lacks merit.

Eighth, Villa argues that the district court erred in allowing the State to amend the information by affidavit. The district court may allow the State to amend the information by affidavit where the magistrate made egregious errors in failing to bind the defendant over for trial. NRS 173.035(2); *State v. Sixth Judicial Dist. Court (Warren)*, 114 Nev. 739, 741-42, 964 P.2d 48, 49 (1998). We review determinations of egregious error de novo. *See Murphy v. State*, 110 Nev. 194, 198, 871 P.2d 916, 919 (1994), *overruled on other grounds by Warren*, 114 Nev. at 742-43, 964 P.2d at 50. The preliminary-hearing transcript showed that the magistrate concluded that the State had shown probable cause that Villa committed first-degree kidnapping causing substantial bodily harm but struck that count in favor of first-degree kidnapping. Having reviewed the record, we conclude that the district court did not err in determining that the magistrate egregiously erred by striking a count that it had found was

supported by probable cause and permitting the State to amend its information by affidavit.[4]

Ninth, Villa argues that the kidnapping conviction should not stand because the movement involved was incidental to the conduct constituting the batteries. To sustain convictions for both kidnapping and another offense arising out of the same course of conduct, the movement or restraint involved in the kidnapping must have independent significance apart from the other offense, create a substantially greater risk of danger, or involve movement that substantially exceeds that necessary to complete the other offense. *See Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006). Whether the victim's movement was incidental to the associated offense is generally a question of fact for the jury. *Curtis D. v. State*, 98 Nev. 272, 274, 646 P.2d 547, 548 (1982). Here, movement is not an element of the battery offenses, Villa created a substantially greater risk by transporting the victim away from her home—as he said that he had to take her to the desert to finish what he had started—and he had completed his batteries when he moved the victim in his car. We conclude that the jury had sufficient evidence to determine that the victim's movement was not merely incidental. *See Wright v. State*, 106 Nev. 647, 649, 799 P.2d 548, 549 (1990).

---

[4]To the extent that Villa argues that he had inadequate notice of the facts constituting kidnapping, in alleging that Villa seized and abducted the victim to kill or substantially harm her by forcing her into a bedroom and by carrying her away from her home in his car, we conclude that the information provided sufficient notice for Villa to prepare an adequate defense. *See Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005).

Tenth, Villa argues that the district court erred in failing to grant relief on his pretrial petition for a writ of habeas corpus challenging the sufficiency of the evidence to establish probable cause. As Villa concedes that sufficient evidence supported his charge of domestic battery (strangulation), does not identify error pertaining to his other convictions beyond mistakenly asserting that the salient arguments were raised elsewhere, he failed to cogently argue this issue, and we need not address this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Eleventh, Villa argues that the district court erred in calculating his credit for time served when it excluded the term that he served for committing a subsequent offense during the pendency of this matter. Villa relies solely on NRS 211.230, which addresses a prisoner's temporary release for medical treatment and does not apply to the present facts. We conclude that Villa has failed to present cogent argument and need not address this claim. *See Maresca*, 103 Nev. at 673, 748 P.2d at 6.[5]

Twelfth, Villa argues that cumulative error warrants relief. As Villa has only identified the prosecutorial-misconduct error that did not affect his substantial rights, the quality and character of this error do not warrant relief under cumulative error. *See Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000).

---

[5]To the extent that Villa intended to argue that he was entitled to good-time credit on the 180-day sentence that he served during these proceedings and should have received more credit for time served on this sentence, he has offered no support to show that his misdemeanor sentence was reduced, *see Haney v. State*, 124 Nev. 408, 413, 185 P.3d 350, 353-54 (2008) (concluding that power to award good-time credits under NRS 211.320 lies with sheriff or chief of police and such awards are discretionary), and thus has failed to show that the district court erred.

Having considered Villa's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons


cc:    Hon. Kimberly A. Wanker, District Judge
Harry R. Gensler
Attorney General/Carson City
Nye County District Attorney
Nye County Clerk