137 Nev., Advance Opinion 28

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON J. BOLDEN, A/K/A JASON
JEROME BOLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79715

FILED

SEP 23 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of attempted murder with the use of a deadly weapon; one count of ownership or possession of a firearm by a prohibited person; seven counts of discharging a firearm at or into an occupied structure; and one count of battery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

*Affirmed.*

Law Office of Benjamin Nadig, Chtd., and Benjamin J. Nadig, Las Vegas, for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and John T. Niman, Deputy District Attorney, Clark County, for Respondent.

_____

BEFORE THE SUPREME COURT, CADISH, PICKERING, and HERNDON, JJ.

21-27482

*AMENDED OPINION*

By the Court, PICKERING, J.:

NRS 173.035(2) operates as a safeguard against the erroneous dismissal of criminal charges by a justice of the peace following a preliminary hearing. The statute allows the State to seek and obtain leave from the district court to proceed against the accused by information filed in district court, upon a showing that the justice court committed egregious error in dismissing the charges. To obtain such leave, the district attorney must file a motion in district court "upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person . . . charged with the commission thereof." *Id.*

The principal question presented by this appeal is whether a preliminary hearing transcript can satisfy NRS 173.035(2)'s affidavit requirement. We hold that it can and that the district court did not err in granting the State's motion for leave to proceed by information in this case. For these reasons, and because substantial evidence supports the judgment of conviction, we affirm.

I.

Appellant Jason Bolden approached brothers Brenton and Bryston Martinez outside of a Las Vegas apartment building. After briefly speaking to Brenton, Bolden fired seven shots, hitting Brenton and the exterior wall of an occupied apartment. Bryston's girlfriend, who lived in the apartment and had a child with Bolden, called 911. The girlfriend identified Bolden as the shooter, and when the police arrived, she gave them a picture of him. The police showed the picture to Brenton, who identified its subject as the shooter. Bryston told the police he saw the shooter and gave them a description that matched Bolden.

(O) 1947A

The State filed a criminal complaint against Bolden, and the matter proceeded to preliminary hearing in justice court. Both Brenton and Bryston testified, although Bryston's girlfriend did not. The brothers' preliminary hearing testimony contradicted their statements to the police. Bryston denied having seen the shooter, while Brenton testified that he did not recognize Bolden and could not remember what the shooter looked like. Both brothers testified they had been smoking marijuana and drinking before the shooting. The police officers who interviewed Bryston and Brenton testified about the brothers' statements shortly after the shooting in which they described Bolden and identified him as the shooter.

The justice of the peace questioned whether the evidence established that Bolden committed the crimes charged. Noting the inconsistency between the brothers' preliminary hearing testimony and their statements to the police, she found that the brothers lacked credibility. And their testimony about drinking and using drugs the day of the shooting undermined the reliability of their statements to the police, she concluded. For these stated reasons, the justice of the peace found that the evidence did not establish probable cause to believe Bolden was the shooter, and she sua sponte dismissed all charges against him.[1]

The State filed a motion under NRS 173.035(2), seeking leave to proceed against Bolden by information in district court. The State supported its motion by attaching a copy of the preliminary hearing

---

[1]Although Bolden challenged two of the charges against him in justice court, he acknowledged that "as to most of the charges the State has met [the] slight or marginal [evidence standard] so I'm not going to argue [lack of probable cause] as to those."

transcript from justice court. Bolden did not file an opposition to the State's motion, and the district court granted it as unopposed.

The matter proceeded to trial in district court. At trial, Brenton identified Bolden as the shooter. Bryston's girlfriend's identification of Bolden in her 911 call and Bryston's description matching Bolden also came into evidence. Ultimately, the jury convicted Bolden of illegal possession of a firearm, battery with the use of a deadly weapon, four counts of attempted murder with the use of a deadly weapon, and seven counts of discharging a firearm at or into an occupied structure. This appeal followed.

II.

Bolden argues that the district court erred in allowing the State to proceed by information, because the State based its motion for leave to do so on the preliminary hearing transcript, not the affidavit NRS 173.035(2) requires. Relatedly, Bolden argues that the State did not show that the justice court committed egregious error in dismissing the charges against him. Finally, Bolden argues that insufficient evidence supports his conviction.

A.

Bolden failed to oppose the State's motion for leave to proceed by information in district court. He thereby forfeited all but plain error review of the order granting the motion. Before this court will correct a forfeited error, "an appellant must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Jeremias v. State*, 134 Nev. 46, 50, 412 P.3d 43, 48 (2018). Bolden's claims of error under NRS 173.035(2) potentially affect his substantial rights; this court has reversed a defendant's conviction upon finding that the district court erred in allowing the State to proceed

by information after the justice court dismissed the charges. *See, e.g.,* *Parsons v. State*, 116 Nev. 928, 938, 10 P.3d 836, 842 (2000); *Feole v. State*, 113 Nev. 628, 632, 939 P.2d 1061, 1064 (1997), *overruled on other grounds by State v. Sixth Judicial Dist. Court (Warren)*, 114 Nev. 739, 743, 964 P.2d 48, 50-51 (1998). We therefore undertake plain error review of Bolden's challenges to the order granting the State's NRS 173.035(2) motion to determine whether it involved error and, if so, whether the error was plain. *Cf. Jeremias*, 134 Nev. at 52, 412 P.3d at 49 (holding that this court's review of forfeited errors is discretionary and not appropriate where the error asserted is trivial or of no consequence).

1.

In interpreting a statutory provision, this court starts with the statute's text. *See Bigpond v. State*, 128 Nev. 108, 114, 270 P.3d 1244, 1248 (2012). Enacted in 1913 and amended in 1915, the text of NRS 173.035(2) has changed little over the years. It provides this:

> If . . . upon the preliminary examination the accused has been discharged . . . the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process must forthwith be issued thereon.

NRS 173.035(2) (originally enacted as 1913 Nev. Stat., ch. 209, § 9, at 295 and amended by 1915 Nev. Stat., ch. 17, § 1, at 16).

Procedurally, this case tracks NRS 173.035(2) except as to the statute's affidavit requirement. The justice court "discharged" Bolden

when, after the "preliminary [hearing] examination," it dismissed the charges against him. The district attorney, "by leave of court first had," proceeded to "file an information" against Bolden in district court. The district attorney obtained such leave by motion. But instead of the "affidavit" NRS 173.035(2) references, the State supported its motion by attaching a copy of the preliminary hearing transcript.

An affidavit resembles a hearing transcript in that both memorialize a declarant's statement under oath after being sworn to tell the truth. But an affidavit is a "voluntary declaration of facts written down and sworn to by a declarant, usu. before an officer authorized to administer oaths." *Affidavit*, *Black's Law Dictionary* (11th ed. 2019); *see Affidavit*, 1 *Bouvier's Law Dictionary* 158 (Rawle 3d rev. 1914) (defining "affidavit" as "[a] statement or declaration reduced to writing, and sworn or affirmed to before some officer who has authority to administer an oath or affirmation"). A hearing transcript, by contrast, reports a witness's oral testimony, whether voluntary or compelled by subpoena. And unlike an affidavit, which the declarant normally reviews and then signs, *see Bouvier's*, *supra* ("The deponent must sign the affidavit at the end."), a witness does not sign off on the hearing transcript; rather, the court reporter certifies that the transcript accurately reports what the witness orally said. *See* NRS 3.360 ("The transcript of the official reporter . . . of any court, duly appointed and sworn, when transcribed and certified as being a correct transcript of the testimony and proceedings in the case, is prima facie evidence of such testimony and proceedings.").

Bolden takes a literalist's approach. He argues that, by its plain terms, NRS 173.035(2) requires an affidavit. Because an affidavit and a hearing transcript are two different things, Bolden contends, the district

court should have rejected the State's motion as rogue. Granted, NRS 173.035(2) refers only to an affidavit and does not expressly provide for affidavit equivalents. Yet, a separate statute, NRS 53.045, allows a court to consider, in lieu of an affidavit, certain unsworn written declarations. To qualify as an alternative to an affidavit, such a declaration must recite that its statements are true and correct and be signed by the declarant under penalty of perjury. *See* NRS 53.045; *see also MountainView Hosp. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 185-86, 273 P.3d 861, 865 (2012) (allowing extrinsic evidence to cure a defective jurat). A declaration that complies with NRS 53.045 can satisfy a separate statute's affidavit requirement even though the declaration is not sworn as an affidavit, by definition, would be. *See Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 202, 234 P.3d 920, 921 (2010) (reading NRS 41A.071 and NRS 53.045 harmoniously and holding that, while NRS 41A.071 "imposes an affidavit requirement," a litigant can meet that requirement "either by sworn affidavit or unsworn declaration made under penalty of perjury" that complies with NRS 53.045); *State, Dep't of Motor Vehicles v. Bremer*, 113 Nev. 805, 811-13, 942 P.2d 145, 149-50 (1997) (concluding in an administrative matter that an unsworn declaration that complied with NRS 53.045 satisfied a statute requiring affidavits from persons who had conducted breath analyzer tests).

The California Supreme Court confronted an analogous statutory construction issue in *Sweetwater Union High School District v. Gilbane Building Co.*, 434 P.3d 1152 (2019). At issue in *Sweetwater* was California's anti-SLAPP statute, specifically, its provision that, in ruling on a special motion to dismiss, a court may consider the pleadings and "supporting and opposing *affidavits* stating the facts upon which the

SUPREME COURT
OF
NEVADA

(O) 1947A

7

liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2) (West 2016) (emphasis added). The question was whether a grand jury transcript could meet the anti-SLAPP statute's affidavit requirement, and the court held that it could. *Sweetwater*, 434 P.3d at 1158-59.

Like Nevada, California has a statute permitting courts to accept certain unsworn declarations as affidavit equivalents. Cal. Civ. Proc. Code § 2015.5 (West 1983); *see* NRS 53.045. The purpose of these statutes requiring a sworn statement or declaration under penalty of perjury before a court may consider a written statement as evidence on a motion is "to enhance reliability." *Sweetwater*, 434 P.3d at 1158. "Sworn testimony made before a grand jury . . . is made under penalty of perjury . . . [so] a transcript of this testimony is the equivalent of a testifying witness's declaration under penalty of perjury, assuming the authenticity of the transcript can be established." *Id.* at 1159 (citation omitted). Because "[t]he statutory scheme already permits consideration of [declarations as] affidavit equivalents" and a grand jury transcript is "at least as reliable as an affidavit or declaration," the *Sweetwater* court held that the district court properly considered the grand jury transcript in ruling on the special motion to dismiss. *Id.* Given the early stage of the proceedings, an affidavit or declaration "would have added little to the evidence" that the grand jury transcript provided, and it seemed to the court "doubtful that the Legislature contemplated dismissal of a potentially meritorious suit for want of [affidavits or] declarations largely duplicating available evidence." *Id.*

*Sweetwater*'s approach aligns with Nevada's caselaw addressing strict v. substantial compliance with statutes. To determine whether a statutory provision requires "strict compliance or substantial

compliance, this court looks at the language used and policy and equity considerations" and "examine[s] whether the purpose of the statute . . . can be adequately served in a manner other than by technical compliance." *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 476, 255 P.3d 1275, 1278 (2011). Given that an unsworn declaration can satisfy a statute's stated affidavit requirement, we see no reason to hold, as Bolden presses us to do, that NRS 173.035(2) requires strict compliance with its affidavit requirement. Instead, we hold that a certified preliminary hearing transcript can—and in this case did—substantially comply with the statute's affidavit requirement.

Bolden does not contest that the preliminary hearing transcript was certified or that it accurately reports the witnesses' testimony. The witnesses who testified did so under oath. *See* NRS 50.035(1) (requiring every witness, before testifying, "to declare that he or she will testify truthfully, by oath or affirmation"). Similar to the grand jury transcript in *Sweetwater*, 434 P.3d at 1159, the preliminary hearing transcript is at least as accurate as a declaration or affidavit would be.

Substantively, NRS 173.035(2) requires the State to support its motion with evidence consisting of a written statement from a competent witness with personal knowledge of the crime and who committed it. *See* NRS 173.035(2) (specifying that the affidavit may be from "any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof"); *cf. Cipriano v. State*, 111 Nev. 534, 540, 894 P.2d 347, 351 (1995) (holding that an affidavit from the prosecutor did not satisfy the statute, since the prosecutor "only had knowledge of the alleged crimes because of his fortuitous presence at

the preliminary hearing," rather than personal knowledge of the alleged crimes' commission), *overruled on other grounds by Warren*, 114 Nev. at 743, 964 P.2d at 50-51. NRS 173.035(2) does not license the State to present new evidence on motion to the district court that it did not present to the justice court. *Warren*, 114 Nev. at 741, 964 P.2d at 49. Rather, it "contemplates a safeguard against egregious error by a [justice of the peace] in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit." *Cranford v. Smart*, 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976). The preliminary hearing transcript serves these policies as well as, if not better than, one or more affidavits would. The district court thus did not err, much less plainly err, in considering the State's motion for leave to proceed by information as substantially compliant with NRS 173.035(2).

2.

Bolden next argues that the district court erred in granting the State's motion for leave to file an information by affidavit because the justice court properly dismissed the charges against him. The State contends that the justice court improperly based its dismissal on the brothers' purported lack of credibility. It argues that such credibility determinations belong to the trier of fact.

At the preliminary hearing, the justice court's role "is to determine whether there is probable cause to find that the offense has been committed and the defendant has committed it." *State v. Justice Court of Las Vegas Twp.*, 112 Nev. 803, 806, 919 P.2d 401, 402 (1996); *see also* NRS 171.206 (addressing the role of the justice of the peace in determining probable cause after a preliminary hearing). Thus, "[t]he preliminary hearing is not a trial and the issue of the defendant's guilt or innocence is

not a matter before the court." *Las Vegas Twp.*, 112 Nev. at 806, 919 P.2d at 402; *see also DuFrane v. Sheriff*, 88 Nev. 52, 54, 495 P.2d 611, 613 (1972) (recognizing the lower standard of proof needed to establish probable cause at a preliminary hearing versus the beyond-a-reasonable-doubt standard that must be met at trial). Slight, or even marginal, evidence can support a probable cause finding. *Sheriff v. Potter*, 99 Nev. 389, 391, 663 P.2d 350, 352 (1983).

If the justice court dismisses criminal charges for lack of probable cause, the district court may permit the State to file an information if the district court finds that the justice court committed egregious error. *Warren*, 114 Nev. at 741-42, 964 P.2d at 49. Egregious error occurs when the justice of the peace "commits plain error that affects the outcome of the proceedings." *Moultrie v. State*, 131 Nev. 924, 930, 364 P.3d 606, 611 (Ct. App. 2015).

Citing *Wrenn v. Sheriff*, 87 Nev. 85, 482 P.2d 289 (1971), Bolden argues that the justice court is permitted to weigh witness credibility at a preliminary hearing. But this argument overreads *Wrenn*. What *Wrenn* holds is that "if an inference of criminal agency can be drawn from the evidence it is proper for the [justice of the peace] to draw it, thereby leaving to the jury at the trial the ultimate determination of which of the witnesses are more credible." *Id.* at 87, 482 P.2d at 290. Thus, *Wrenn* implicitly recognizes the slight-or-marginal-evidence standard and does not license the justice court to dismiss charges based on conflicting evidence where the evidence permits the finder of fact to draw "an inference of criminal agency." *Id.*; *see also Miner v. Lamb*, 86 Nev. 54, 58, 464 P.2d 451, 453 (1970) (concluding that an inference of criminal agency, despite an "equally plausible" noncriminal inference, was sufficient to establish probable

cause); *Bryant v. Sheriff*, 86 Nev. 622, 624, 472 P.2d 345, 346 (1970) (holding that, in the face of conflicting evidence, the justice of the peace should draw an inference of criminal agency if the evidence supports it).

In this case, despite the credibility issues that troubled the justice court, the State satisfied its burden of demonstrating probable cause at the preliminary hearing. A picture of Bolden given to police when they arrived on scene was entered into evidence, and an officer testified that Brenton confirmed that the person in the picture was the shooter. A police detective and Bryston also testified to the description of the shooter Bryston gave on the scene, with the detective confirming that the description matched Bolden. This evidence "was sufficient to show that a crime had been committed and that there were reasonable grounds to believe that [Bolden] had committed it." *Watkins v. Sheriff, Clark Cty.*, 88 Nev. 387, 391, 498 P.2d 374, 377 (1972) (citing *State v. Von Brincken*, 86 Nev. 769, 476 P.2d 733 (1970)). The justice court committed egregious error in sua sponte determining that this evidence did not adequately demonstrate probable cause to believe Bolden committed the crime charged, thereby preventing a jury from making the ultimate credibility determination at trial. *See Wrenn*, 87 Nev. at 87, 482 P.2d at 290. The district court correctly granted the State's motion for leave to proceed by information filed in district court.

B.

Bolden's final argument is that insufficient evidence supports his convictions because Brenton's failure to identify him as the shooter at the preliminary hearing made Brenton's trial identification of Bolden incredible. We "view[ ] the evidence in the light most favorable to the prosecution" to determine whether "*any* rational trier of fact could have

found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Brenton explained at trial that he lied at the preliminary hearing because he did not want to aid in the investigation but later decided to "deal with the situation" after receiving numerous subpoenas.  And other evidence identified Bolden as the perpetrator, including Bryston's girlfriend's 911 call and Brenton's photo identification, both made shortly after the shooting.  "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses."  *Id.*  Based on the evidence presented, a rational juror could have found beyond a reasonable doubt that Bolden was the perpetrator.

## III.

The State's motion for leave to proceed by information in district court substantially complied with NRS 173.035(2) and demonstrated that the justice court committed egregious error in dismissing the charges against Bolden.  Further, substantial evidence supports the jury's verdict.  We therefore affirm.

_____, J.
Pickering

We concur:

_____, J.
Cadish

_____, J.
Herndon

Supreme Court
of
Nevada

(O) 1947A